UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

RALPH B. HAYES,

    Plaintiff,

v.

DOUGLAS COUNTY,

    Defendant.

Civ. No. 10-5015 (ADM/LIB)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on the application of Plaintiff Ralph B. Hayes for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Plaintiff alleges that seven years ago sheriff's deputies came to his home after a neighbor called about loud music. (Complaint, [Docket No. 1], p. 4, ¶ 7.) Plaintiff exited through a window and fled to a friend's home, because he did not have the money to pay a fine that he owed. (Id.) He allegedly tried to go home, but could not do so, because he "couldn't take the chance of going to jail for the weekend." (Id.) When Plaintiff finally did return home, he found a warrant in his door "concerning a drug lab." (Id.) About a week later, there allegedly was an article in a newspaper about a "meth lab bust." (Id.) That day an unnamed deputy knocked on Plaintiff's door while another unnamed deputy waited in

a car outside. (Id.) The complaint does not provide any further explanation of any of these events, nor does the complaint explain how any of these events might be interrelated.

Plaintiff further alleges that he served a sentence in the Douglas County (Wisconsin) Jail. (Id., ¶ 8.) (The complaint does not explain when or why Plaintiff was in jail.) He alleges that while he was in jail, he "didn't get any credit for kitchen work," he was "lucky to get good time," "[t]he air in the jail was atrocious," and "[t]he food wasn't very healthy either." (Id.)

Plaintiff also alleges that last winter some of his property was removed from a storage area, and last spring some vehicles that he stored, as well as the contents of his apartment, "were gone." (Id., ¶ 9.) Nothing in the complaint sheds any light on who might have taken Plaintiff's missing property, or what might have happened to the property. Finally, Plaintiff alleges that he has found it difficult to find an apartment after his "subsidized housing got cut off," which he apparently attributes to an unexplained "Meth Lab Accusation." (Id.)

Based on these very brief allegations – and nothing more – Plaintiff is now attempting to sue four Defendants identified as "Douglas County," "Commissioner: Baxter," "Judge Kelley J. Timm," and "Captain Linder."[1] Plaintiff has described the relief he is seeking in this case as follows: "It sure would be nice to live in a neighbor hood [sic] where I wouldn't be stereo-typed and be prejudiced. $150,000." (Id., "Request for Relief.")

---

[1] Only Defendant "Douglas County" is listed in the caption of the complaint, but the section of the complaint entitled "Parties" indicates that Plaintiff is also attempting to sue the three additional Defendants identified in the text.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, Plaintiff's complaint includes some vague references to the federal Constitution, which suggests that Plaintiff is attempting to bring a civil rights action under 42 U.S.C. § 1983. To state an actionable civil rights claim, a complaint must allege a set of facts showing that each named defendant violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff's current complaint fails to state an actionable civil rights claim, because it does not describe any specific acts or omissions by any of the named Defendants that could be viewed as a violation of Plaintiff's federal constitutional rights. Indeed, Plaintiff's complaint does not describe <u>anything</u> specific that any named Defendant allegedly did, or failed to do. In fact, none of the named Defendants is even mentioned anywhere in the "statement of claim" section of the complaint. It is therefore readily apparent that Plaintiff has failed to plead any cause of action against any of the Defendants in this case.

The Court also notes that all of the named Defendants in this case appear to be Wisconsin residents, and all of the events described in Plaintiff's complaint apparently occurred in Wisconsin. It therefore appears on the face of the complaint that our Court – the United States District Court for the District of Minnesota – could not exercise personal jurisdiction over any of the Defendants. For this additional reason, this case should be summarily dismissed. <u>See</u> <u>Sanders v. United States</u>, 760 F.2d 869, 871-72 (8th Cir. 1985) (when an IFP applicant's complaint does not include any allegations supporting personal jurisdiction, the court may properly conclude, <u>sua sponte</u>, that the action should be summarily dismissed).

For the reasons discussed above, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

**III. RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: January 19, 2011

s/
Leo I. Brisbois
U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by February 2, 2011**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.